UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER NEILLY, ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION FILE NO. |
| ) | |
| ) | _____ |
| v. ) | |
| ) | |
| J & T MANAGEMENT, INC. ) | |
| D/B/A ) | |
| ) | **JURY TRIAL DEMANDED** |
| AMERICAN KIDNEY ) | |
| FUND PICK UP SERVICE **)** | |
| ) | |
| Defendant ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Christopher Neilly ("Plaintiff" or "Mr. Neilly") and files this Complaint for damages and other relief against J & T Management, Inc., also doing business as American Kidney Pick Up Service ("Defendant" or "J & T"), showing as follows:

## NATURE OF ACTION

This is an action for unpaid overtime compensation and retaliation pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §201 *et seq.*

## PARTIES

1.

Plaintiff is a resident of the State of Georgia, and all times relevant to this action was an employee of Defendant within the meaning of the FLSA.

2.

Defendant is a Domestic Profit Corporation doing business within the State of Georgia.  At all times relevant to this action, Defendant was an employer within the meaning of the FLSA.  Defendant may be served with process by delivering a copy of the Complaint and Summons to its registered agent Wm. Scott Schulten at 260 Peachtree St., N.W., #2700 Fulton, Atlanta, Georgia 30303.

## VENUE AND JURISDICION

3.

Venue is proper under 28 U.S.C. §1391(b) and other applicable law. The unlawful employment practices occurred within the Northern District of Georgia.

4.

Defendant regularly conducts business within this State and District.

5.

This Court has jurisdiction over both parties.

6.

Defendant is engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203. At all times material to this action, Defendant engaged in pick-up and transport of goods valued in excess $500,000 annually.

## RELEVANT FACTS

7.

Defendant employed truck drivers to pick up, load, and deliver charitable goods from donors to various locations in the Atlanta Metropolitan area.

8.

Plaintiff began working for Defendant as a truck driver on or about August 2013.

9.

During a short employee orientation session, Defendant's management official told Plaintiff that he would earn a base wage of $400 per week and additional compensation based on cubic feet of merchandise delivered.

10.

Plaintiff delivered wooden or metal pallets of merchandise to various locations in and near Atlanta. These pallets were called "skids".

11.

Plaintiff and other drivers earned additional wages based on their "skid count." The skid count is the number of cubic feet of merchandise that is delivered to stores. Each store configured different sized skids.

12.

The skid count for each driver was calculated daily at the end of each shift by a truck manager at Defendant's warehouse.

13.

Plaintiff and Defendant's drivers were scheduled to work four days a week from Monday to Thursday.

14.

Only one driver was assigned to a truck. Drivers made as many as 100 or more pick-ups and deliveries per day.

15.

Defendant's drivers did not have a set number of work hours per day, but Defendant required them to clock in by 6:30 a. m. each morning. Drivers were not allowed to clock out until they had delivered their last load and returned the truck to home base at the warehouse.

16.

Plaintiff was not able take a lunch during break during his work period because this would cause him to get behind in his deliveries and in trouble with his supervisor. As a result, Plaintiff worked through his lunch break.

17.

Defendant required Plaintiff, and other drivers arriving back at home base at the end of their shifts, to unload unfinished trucks onto a trailer before they could clock out.

18.

Plaintiff worked 12 to 13 hours per day during his four-day work period.

19.

After working for Defendant for about one year, Plaintiff questioned Defendant's truck manager and supervisor about why he and the other drivers were not being paid the proper overtime rate for the time they worked in excess of 40 hours per week.

20.

Defendant's truck manager and supervisor told Plaintiff that he and the other drivers were required to work over 100 hours per two-week work period in order to receive overtime wages.

21.

Defendant told Plaintiff that he would be paid the time and a half rate of pay for the total amount of hours that Defendant worked in excess of 100.

22.

Defendant eventually terminated Plaintiff in retaliation for complaining about his failure to receive proper overtime pay.

23.

Defendant has a policy and practice of not paying overtime. Pursuant to this policy and practice, Defendant intentionally took actions that were designed to avoid having to pay Plaintiff proper overtime compensation.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

24.

Plaintiff incorporates by reference all preceding Paragraphs of the Complaint.

25

Plaintiff was employed by Defendant as a non-exempt employee and should have been paid overtime at the rate of time and a half for all time worked in excess of forty hours a week.

26.

Plaintiff routinely worked fifty (50) hours or more in each week during his tenure of employment with Defendant.

27.

Defendant refused to correctly pay Plaintiff one and one half times his regular rate of pay for overtime hours worked in excess of 40 hours per four-day work week.

28.

Defendant knew that Plaintiff was not an exempt employee and continued to pay him at the straight overtime rate only for hours worked in excess of 100 during the two-week work period. Defendant's repeated failures to pay Plaintiff the correct overtime rate of time and a half represented intentional and willful violations of the FLSA.

29.

As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Neilly demands a trial by jury and that the following relief be granted:

a. Declaratory judgment that Defendant has violated the FLSA;

b.  Full back pay from the date of judgment;

c.  Liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

e.  Attorney's fees and costs of litigation pursuant to 29 U.S.C. §216(b);

f.  Prejudgment interest; and

g.  Any and all such further relief that this Court deems just.

Respectfully submitted this 4th day of December, 2016.

**PRIOLEAU & MILFORT, LLC**

/s/ Oscar E. Prioleau, Jr.
Oscar E. Prioleau, Jr.
Georgia Bar No. 588510
oprioleau@mindspring.com
271 17th Street, N.W., Suite 520
Atlanta, Georgia  30363
Phone: (404) 526-9400
Fax: (404) 880-9360
*Attorney for Plaintiff Christopher Neilly*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned certifies that the foregoing document has been prepared in accordance with the requirements of Local Rule 5.1 of the Northern District of Georgia, using a Times New Roman font and 14 point size.

/s/ Oscar E. Prioleau, Jr.
Oscar E. Prioleau, Jr.